UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA H.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 2:20-CV-116-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted Plaintiff's physical symptom testimony. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

|   |   |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |
| 2 | On May 20, 2014, Plaintiff filed an application for SSI. *See* Dkt. 7, Administrative |
| 3 | Record ("AR") 13. The application was denied on initial administrative review and |
| 4 | reconsideration. *See* AR 13. A hearing was held before ALJ Laura Valente on July 5, 2016. *See* |
| 5 | AR 27-56. In a decision dated September 6, 2016, the ALJ determined Plaintiff was not disabled. |
| 6 | *See* AR 13-22. Plaintiff appealed the decision, and on March 1, 2018, the District Court for the |
| 7 | Western District of Washington reversed and remanded the case for further proceedings. *See* AR |
| 8 | 486. Plaintiff appeared and testified at a hearing on October 2, 2019, where she amended her |
| 9 | alleged onset date of disability to May 20, 2014. *See* AR 422-448. On November 6, 2019, the |
| 10 | ALJ again found Plaintiff not disabled. *See* AR 415. The ALJ's November 6, 2019 Decision is |
| 11 | the final decision of the Commissioner, which Plaintiff now appeals. *See* 20 C.F.R. § 404.981, § |
| 12 | 416.1481. |

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**DISCUSSION**

**I.  Whether the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's physical symptom testimony.**

Plaintiff maintains the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting Plaintiff's physical symptom testimony. Dkt. 9, pp. 3-6.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The

ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure[s] to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1]

Plaintiff testified she gets headaches "sometimes every day" that are accompanied by neck pain. AR 426. Plaintiff testified her headaches can last for days and that her medication often does not work. AR 426-427. She testified that due to her headaches and neck pain, she is limited to caring for kids and going to the store to two/three days a week. AR 434-435. Plaintiff testified for the rest of the week she is usually in her room by herself for up to twenty-four hours at a time. AR 435. She testified she has numbness in her fingers, legs, and feet, which make it difficult for her to walk and go shopping. AR 436-437. She also testified she can stand for fifteen

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Thus, at this time, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

1  minutes before needing to sit down and can walk for a block or two before needing to rest. AR
2  50, 208. In a function report, Plaintiff further indicated impairments in her ability to lift, squat,
3  bend, stand, reach, walk, sit, kneel, climb stairs, see, and use her hands. AR 208.
4        The ALJ found that Plaintiff's medically determinable impairments could reasonably be
5  expected to cause Plaintiff's alleged symptoms, but "[Plaintiff's] statements concerning the
6  intensity, persistence and limiting effects of these symptoms are not entirely consistent with the
7  medical evidence and other evidence in the record."[2] AR 409. The ALJ provided two reasons to
8  discount Plaintiff's physical symptom testimony: (1) her complaints were "out of proportion to
9  the objective medical evidence" in the record; and (2) Plaintiff's activities of daily living are
10 inconsistent with her allegations of limiting symptoms. AR 410, 412.
11       First, the ALJ discounted Plaintiff's physical symptom testimony because her testimony
12 is "out of proportion to the objective medical evidence of record." AR 410. Determining that a
13 claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and
14 convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294,
15 1297 (9th Cir. 1998); *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However,
16 an ALJ "may not disregard [a claimant's credibility] solely because it is not substantiated
17 affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466
18 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749-750 (9th Cir. 1995);
19 *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).
20       Defendant argues that "while the Ninth Circuit has held that subjective testimony cannot
21 be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the

---

[2] While the ALJ also made an adverse finding regarding Plaintiff's mental health symptoms, Plaintiff does not challenge this finding. *See* Dkt. 9, p. 3.

1  Ninth Circuit has also held that where medical evidence affirmatively contradicts a claimant's

2  assertions, it is sufficient to support a finding that those assertions are to be discounted." Dkt. 10,

3  p. 3 (internal citations omitted) (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227

4  (9th Cir. 2009)). In *Bray*, the Ninth Circuit upheld the ALJ's rejection of the claimant's

5  testimony based on inconsistencies between her testimony and multiple factors, in addition to

6  lack of corroborating medical evidence. *Id*. Thus, contrary to Defendant's assertion, *Bray* does

7  not allow the ALJ to discount Plaintiff's testimony solely because it is "affirmatively

8  contradict[ed]" by medical evidence in the record. Therefore, Defendant's reliance on *Bray* is

9  misplaced.

10      The ALJ's first reason for discounting Plaintiff's physical symptom testimony is because

11  Plaintiff's testimony is unsupported by the objective medical evidence. AR 410. The ALJ cannot

12  discount Plaintiff's testimony on this basis alone. *See Robbins*, 466 F.3d at 883. The ALJ's

13  second reason for discounting Plaintiff's testimony is because the testimony was inconsistent

14  with Plaintiff's activities of daily living. AR 412. However, as the discussed below, the ALJ's

15  second reason for discounting Plaintiff's testimony is not clear and convincing. Therefore, the

16  ALJ's first reason is the only potentially valid reason for discounting Plaintiff's subjective

17  symptom testimony. As the ALJ may not discount Plaintiff's testimony solely because the

18  testimony is unsupported by the objective medical evidence, the Court need not consider if the

19  ALJ's first reason is supported by substantial evidence. Therefore, the Court finds the ALJ's first

20  reason for discounting Plaintiff's physical symptom testimony is not adequate to affirm the

21  ALJ's decision to discount the testimony.

22      Next, the ALJ reasoned Plaintiff's activities of daily living contradict Plaintiff's

23

24

1 testimony regarding her physical limitations.[3] AR 412. The Ninth Circuit has recognized that a

2 claimant's activities which meet "the threshold for transferable work skills" are grounds to form

3 the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

4 2007). Here, the ALJ asserts Plaintiff's activities show she is more functional than she alleges.

5 *See* AR 412. In support, the ALJ cites Plaintiff's ability to live alone, care for herself and at

6 times for her grandchildren, interact with friends, go shopping when necessary, drive a car,

7 prepare her own meals, do laundry, complete chores, read, and use a computer. AR 412. Plaintiff

8 testified she take care of her grandchildren at times, but that her mother lives next door to her

9 and shares the responsibility with her, often taking the children to school and providing meals.

10 AR 428-429. Plaintiff testified she is able to drive, but not in the mornings. AR 430. At the prior

11 hearing, Plaintiff testified that she cooks, does the dishes, does her laundry, and does some

12 gardening, but that her mother helps with housework and maintaining the garden. AR 38-39, 41.

13 Although Plaintiff testified she goes shopping when necessary, she also testified her mother will

14 go to the store for her when she needs. AR 38-39. Plaintiff testified she only participates in

15 activities such as crafts and gardening when she is able. AR 41. Further, she testified she can

16 only sit at a desk with her head titled for five to ten minutes and she can only perform a

17 household task for fifteen minutes before needing to rest. AR 48-50.

18       The ALJ states Plaintiff's activities show a "capacity to perform a wide variety of tasks"

19 and that she can do "tasks independently." AR 412. But, the ALJ provides no analysis to explain

20

21 _____

22     [3] Plaintiff argues the ALJ did not intend that her analysis of Plaintiff's activities of daily living apply to
Plaintiff's testimony regarding her physical limitations. *See* Dkt. 9, pp. 4-6. Defendant argues the ALJ's analysis of
23 Plaintiff's activities applies to Plaintiff's testimony regarding her physical limitations. *See* Dkt. 10, pp. 3-4. The
Court finds it reasonable that the ALJ intended for her analysis of Plaintiff's activities of daily living to apply to
Plaintiff's testimony regarding her physical symptoms. *See Magallanes v. Bowen*, 881 F.2d 747, 775 (9th Cir. 1989)
24 (courts may draw specific and legitimate inferences from the ALJ's opinion).

the basis for arriving at this conclusion or how these activities meet the threshold for transferable work skills. Accordingly, the ALJ's conclusion that Plaintiff's activities show she is more functional than she alleges is not a clear and convincing reason to discount Plaintiff's physical symptom testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

For the above stated reasons, the Court finds the ALJ has not provided a clear and convincing reason for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than were included in the residual functional capacity ("RFC"). For example, Plaintiff testified she can stand for fifteen minutes before needing to sit down and walk for a block or two before needing to rest. AR 50, 208. Plaintiff also indicated she has impairments in her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, and use her hands. AR 208. In contrast, the RFC limited Plaintiff to sitting, standing, and walking for six hours in an eight-hour day and lifting or carrying twenty pounds

occasionally and ten pounds frequently. AR 408. Had the ALJ properly considered Plaintiff's testimony regarding her physical limitations, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. The ALJ is directed to reassess Plaintiff's testimony regarding her physical limitations on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 8th day of July, 2020.

David W. Christel
United States Magistrate Judge